THE STATE OF NEVADA, APPELLANT, *v.*
RALPH A. WILCOX, RESPONDENT.

No. 19312

July 21, 1989                    776 P.2d 549

*Brian McKay,* Attorney General, Carson City; *Rex Bell,* District Attorney, and *James Tufteland,* Deputy District Attorney, Clark County, for Appellant.

---

[3]The Honorable Jerry V. Sullivan, Judge of the Sixth Judicial District Court, was designated by the Governor to sit in the place of THE HONORABLE CLIFF YOUNG, Chief Justice. Nev. Const. art. VI, § 4.

*Morgan D. Harris,* Public Defender, and *Victor John Austin* and *Mark S. Blaskey,* Deputy Public Defenders, Clark County, for Respondent.

## OPINION

*Per Curiam:*

This is an appeal from an order of the district court dismissing the criminal information against respondent. The evidence introduced at the preliminary hearing revealed that respondent and several other individuals met in Bullhead City, Arizona, and formed a conspiracy to cheat at gambling. Upon returning to the Nevada Club Casino in Laughlin, Nevada, other members of the conspiracy committed acts in furtherance of the conspiracy but respondent arguably did not.[1]

Respondent, Ralph Wilcox, was charged by information with one count of conspiracy to cheat at gambling. *See* NRS 465.070; 465.088. Thereafter, respondent filed a motion in the district court to dismiss the information for lack of jurisdiction. He contended that the crime of conspiracy was completed in Arizona, where the agreement was made, and that only Arizona could prosecute the crime. *See* NRS 465.088(2) (a person may be punished for conspiracy to cheat at gambling whether or not he personally played any gambling game or used any prohibited device). The district court agreed with this contention, and granted the motion to dismiss.

Appellant, the State of Nevada, contends that Nevada has jurisdiction to prosecute respondent for a conspiracy conceived in Arizona, where other members of the conspiracy performed acts in Nevada in furtherance of the conspiracy. We agree. This court has previously stated: "Even though a crime has been committed, the conspiracy does not necessarily end, but it continues until its aim has been achieved." Goldsmith v. Sheriff, 85 Nev. 295, 306, 454 P.2d 86, 93 (1969). The conspiracy for which respondent was charged did not end when the conspirators formed their

[1]The conspirators requested a slot machine mechanic to alter the payouts on certain slot machines at the Nevada Club Casino. Certain members of the conspiracy were later observed playing these slot machines.

agreement in Arizona. The conspiracy continued in Nevada, where respondent's co-conspirators played the altered slot machines.

Although respondent may not have committed any acts in Nevada in furtherance of the conspiracy, he became subject to prosecution in this state when his co-conspirators carried out their criminal design in Nevada. *See* Pinkerton v. United States, 328 U.S. 640, 646-647 (1946) (so long as the partnership in crime continues, the partners act for each other in carrying it forward; an overt act of one partner may be the act of all without a new agreement specifically directed to that act). *See also* Downing v. United States, 348 F.2d 594 (5th Cir. 1965) (defendant was bound by the unlawful acts and statements of his co-conspirators in furtherance of the conspiracy, even though such acts and statements took place in another state out of his presence), *cert. denied,* 382 U.S. 901. We conclude, therefore, that Nevada may prosecute respondent for the crime of conspiracy to cheat at gambling. Accordingly, we vacate the order of the district court dismissing the information against respondent, and we remand this matter to the district court for further proceedings consistent with this opinion.

YOUNG, C. J., and STEFFEN, SPRINGER and MOWBRAY, JJ., and MOSLEY, D. J.,[2] concur.

